ALICE M. BATCHELDER, Circuit Judge,
concurring in part and concurring in the result.
Smith’s complaint vaguely claimed that Margaret Stallard’s “constitutional rights” were violated, without specifying which rights those might be. The Constitution includes many. It was not until Smith moved for summary judgment that she explicitly argued a Fourteenth Amendment violation, among others. The district court then granted Defendants summary judgment on Fourth Amendment grounds. It is clear that before this court Smith argues two possible legal standards arising under two separate constitutional amendments, and has waived any possible claims of violations of other constitutional rights. What is not clear is that these issues were properly raised in the district court such that they should be considered appropriate for us to decide on appeal.
Smith’s opening appellate brief raises four issues on appeal: (1) whether officers violated Stallard’s rights under the Fourth or Eighth Amendments; (2) whether the district court reversibly erred by not finding that the testimony of Donald L. Leach created a genuine issue of material fact; (3) whether the municipalities are liable for the officers’ conduct; and (4) whether the supervising officers are liable for the actions of the officers who interacted with Stallard. I agree with the lead opinion on the latter two issues; the supervisors are not at fault for anything here, and nothing here rises to the level of imposing Monell municipal liability under 42 U.S.C. § 1983. See D'Ambrosio v. Marino, 747 F.3d 378, 386 (6th Cir.2014) (applying Monell v. Dep’t of Soc. Servs. of N.Y.C., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and its progeny). I write separately regarding the former two issues.
The first of those issues is whether the Fourth Amendment governs the facts pertaining to Stallard’s death, versus the Eighth Amendment’s standard, which could be applicable under these facts through the Fourteenth Amendment. “The question of which amendment supplies [Stallard’s] rights is not merely academic, for the standards of liability vary significantly according to which amendment applies.” Phelps v. Coy, 286 F.3d 295, 299 (6th Cir.2002). Whether the Fourth, Eighth, or Fourteenth Amendment applies depends on whether the plaintiff was a(l) free citizen, (2) convicted prisoner, or (3) somewhere in between. Lanman v. Hinson, 529 F.3d 673, 680-81 (6th Cir.2008). The Fourth Amendment applies to the first, Graham v. Connor, 490 U.S. 386, 388, 109 S.Ct. 1865, 104 L.Ed.2d *425 443 (1989), and the Eighth Amendment to the second, see Whitley v. Albers, 475 U.S. 312, 318-22, 327, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986); Phelps v. Coy, 286 F.3d 295, 299-300 (6th Cir.2002). “When neither the Fourth nor the Eighth Amendment serves to protect citizens, courts have applied the Fourteenth Amendment.” Aldini v. Johnson, 609 F.3d 858, 864 (6th Cir.2010).
The Fourteenth Amendment controls here. Stallard had not received a probable cause hearing, and the district court erred by applying a formalistic chronological approach to hold that the Fourth Amendment applied. The Fourth Amendment provides in part that “[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated.” U.S. Const, amend. IV. However, the interaction here between state agents and the decedent had nothing to do with either a “search” or a “seizure.” So the officers’ conduct pertaining to any medical matters is examined under the Fourteenth Amendment Due Process Clause, which provides, that “[n]o State-shall ... deprive any person of life, liberty, or property, without, due process of law.” Id. amend. XIV, § 1, cl. 3. The Due Process Clause requires police officers to provide adequate medical care to individuals in police custody prior to a criminal conviction. See Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983); Phillips v. Roane Cnty., 534 F.3d 531, 539 (6th Cir.2008). A person’s right to adequate medical care is violated if the police acted with “deliberate indifference to serious medical needs.” Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), quoted in Watkins v. City of Battle Creek, 273 F.3d 682, 685 (6th Cir.2001).
When police fail to respond to a person’s medical needs, “deliberate indifference” means “the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.” Burgess v. Fischer, 735 F.3d 462, 476 (6th Cir.2013) (citing Estelle, 429 U.S. at 104-05, 97 S.Ct. 285). We explained:
We employ a two-prong test with objective and subjective components to assess such claims. Farmer v. Brennan, 511 U.S. 825, 834 [114 S.Ct. 1970, 128 L.Ed.2d 811] (1994). First, we determine whether the plaintiff had a sufficiently serious medical need under the objective prong. A medical need is sufficiently serious if it has been diagnosed by a physician that has mandated treatment or it is so obvious that even a lay person would easily recognize the need for medical treatment. Second, we determine whether the defendant had a sufficiently culpable state of mind in denying medical care under the subjective prong. There must be a showing of more than mere negligence, but something less than specific intent to harm or knowledge that harm will result is required. The defendant must have knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs....
Id. (citations, internal quotation marks and brackets omitted). The Supreme Court makes the comparison that “deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.” Farmer, 511 U.S. at 836, 114 S.Ct. 1970. Because she had not been convicted, and thus was not covered by the Eighth Amendment, that same standard of deliberate indifference applies to Stallard through the Fourteenth Amendment. Burgess, 735 F.3d at 472-73.
*426 This standard was not met with regards to any of the individual defendants. The lead opinion explains why the individual defendants’ conduct would satisfy even the objective reasonableness standard of the Fourth Amendment, and that any conduct that is reasonable under the Fourth Amendment automatically falls short of the more demanding standard of showing deliberate indifference under the Fourteenth Amendment. Accordingly, the defendants did not violate Stallard’s rights under the Fourteenth Amendment.
The second issue, which is not addressed in the lead opinion, is whether the district court reversibly erred by not adopting the reasoning of — or even citing — the testimony of Smith’s expert Donald L. Leach, whose deposition argued that the officers’ actions were deficient on the night in question. Specifically, Leach argues that Stal-lard’s symptoms showed a severe medical condition necessitating an appropriate response.
A district judge is the gatekeeper who “evaluat[es] the relevance and reliability of proffered expert testimony with heightened care.” Surles ex rel. Johnson v. Greyhound Lines, Inc., 474 F.3d 288, 295 (6th Cir.2007). Even when a district court does admit an expert’s testimony, the court can discount it if the court finds that the evidence does not amount to more than a scintilla, “insufficient to allow a reasonable juror to conclude that the position more likely than not is true.” Daubert v. Merrell Dow Pharms., 509 U.S. 579, 596, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).
Smith’s argument that the district court erred by not even acknowledging Leach’s deposition in its decision is without merit. Leach is not an expert. He possesses no special education or training to evaluate whether a person is in medical distress, and what sort of care is appropriate. Expert testimony is properly excluded if “men of common understanding are as capable of comprehending the primary facts and of drawing correct conclusions from them.” Salem v. United States Lines Co., 370 U.S. 31, 35, 82 S.Ct. 1119, 8 L.Ed.2d 313 (1962). The district court therefore did not err by choosing to disregard Leach’s deposition.
For the foregoing reasons, I concur in the result.